1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CITY OF SAN JOSE,

               Plaintiff,

    v.

SAN JOSE POLICE OFFICERS'
ASSOCIATION; SAN JOSE FIREFIGHTERS;
I.A.F.F., LOCAL 230; MUNICIPAL
EMPLOYEES' FEDERATION, AFSCME,
LOCAL 101; CITY ASSOCIATION OF
MANAGEMENT PERSONNEL, IFPTE,
LOCAL 21, THE INTERNATIONAL UNION
OF OPERATING ENGINEERS, LOCAL NO. 3;
and DOES 1-10,

               Defendants.

Case No.: 5:12-CV-02904-LHK

ORDER DENYING MOTION FOR
ATTORNEYS' FEES

      The City of San Jose brought this action against five unions representing public sector employees. *See* ECF No. 1. The City's Complaint sought a declaratory judgment stating that a voter-passed ballot measure that adversely affected public employees' pensions was legal under federal and state law. *See* ECF No. 33. After the unions filed motions to dismiss, and briefing was completed on these motions, the City voluntarily dismissed the case. *See* ECF Nos. 80, 90.

      Before the Court is a Motion for Attorneys' Fees brought by one of the Defendant unions, the San Jose Police Officers' Association ("SJPOA"). *See* ECF No. 93. The Court finds that the

motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and accordingly VACATES the hearing set for September 12, 2013, at 1:30 p.m.  Having considered the parties' arguments, the relevant law, and the record in this case, the Court DENIES the motion for the reasons stated below.

## I.   BACKGROUND

On June 5, 2012, San Jose voters passed Measure B, a ballot initiative that in effect reduced the pension benefits of the City's public employees.  On that same day, the City filed this action against five unions representing public sector employees.  *See* ECF No. 1.  The City sought a declaratory judgment stating that portions of Measure B were legal under the Contracts Clause of the U.S. Constitution and several other state and federal laws.  *See* ECF No. 33 at ¶ 31.

The day after the Measure passed, public sector unions, along with City employees and retirees, filed five challenges to the Measure on state law grounds in state court.  *See* ECF No. 97-1 at ¶ 4.  In August 2012, the City moved in state court to consolidate the five actions and to stay the state court proceedings pending resolution of this federal case.  *Id.* at ¶ 6.  The state court consolidated the five actions and denied the City's motion to stay the state court proceedings.  *Id.* at ¶ 7.

Meanwhile, in June through August of 2012, in this federal action, three Defendant unions, including SJPOA, filed motions to dismiss.  *See* ECF Nos. 8, 41, 56.  In its Motion to Dismiss, SJPOA contended that the City's federal action should be dismissed because the case was unripe, the matter called for an advisory opinion, and the City lacked standing.  *See* ECF No. 41 at 4–14. In addition, SJPOA sought a stay or dismissal based on three federal abstention doctrines.  *Id.* at 14–21.  The City filed a consolidated opposition to all three motions to dismiss, and the unions filed a consolidated reply brief.   *See* ECF Nos. 60, 72.

The motions to dismiss were set for hearing before this Court on October 4, 2012.  On September 26, 2012, the City filed a letter to this Court informing the Court of the status of the state court action and stating that the City was seeking to file its federal claims as a cross complaint

2

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    in the consolidated state court action.  *See* ECF No. 76.  The letter further stated that if the City

2    were able to file its federal claims as a cross complaint in the consolidated state court action, the

3    City would be able to dismiss its federal case.  *Id.*  As a result, the City suggested that a

4    continuance of the October 4, 2012 hearing might be appropriate.  *Id.*  One of the Defendant

5    unions, the Municipal Employees' Federation, AFSCME Local 101 ("AFSCME"), filed a letter

6    opposing any continuance of the hearing.  *See* ECF No. 77.

7         In response to the two letters, this Court issued an order on September 28, 2012, indicating

8    that the Court would proceed with the October 4, 2012 hearing unless the parties stipulated to a

9    stay of proceedings pending the state court action or the City voluntarily dismissed the case.  *See*

10   ECF No. 79.  On October 1, 2012, the City voluntarily dismissed SJPOA and AFSCME without

11   prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  *See* ECF No. 80.  This notice

12   of dismissal did not address attorneys' fees.  *Id.* A plaintiff may dismiss a case unilaterally under

13   Rule 41(a)(1)(A)(i) before the defendant has answered or filed a motion for summary judgment.

14   SJPOA and AFSCME had not answered, and accordingly, a notice of dismissal was sufficient

15   under Rule 41(a)(1)(A)(i).

16        The next day, the City and the three remaining Defendants filed a stipulation dismissing the

17   case without prejudice under Rule 41(a)(1)(A)(ii).  *See* ECF No.90.  Under this stipulation, the

18   parties were responsible for their own attorneys' fees and costs.  *Id.*  After an answer or summary

19   judgment motion has been filed, Rule 41(a)(1)(A)(ii), which allows dismissal by stipulation of the

20   parties, applies.  Here, because the three unions had filed answers to the Complaint, the three

21   unions and the City stipulated to dismissal pursuant to Rule 41(a)(1)(A)(ii).

22        Later in October 2012, pursuant to a stipulation with the plaintiffs in the consolidated state

23   court action, the City filed a cross complaint in the consolidated state court action alleging the

24   federal law claims that were dismissed without prejudice in the instant federal case.  *See* ECF No.

25   97-1 at ¶ 13.  In March 2013, the state court denied a motion for preliminary injunction filed by the

26   plaintiffs in the consolidated state court action.  *Id.* at ¶ 14.  A bench trial was held in the

27
     Case No.:  12-CV-02904-LHK
28   ORDER DENYING MOTION FOR ATTORNEYS' FEES

3

1   consolidated state court action in July 2013, and a decision from the state court is pending.  *Id.* at ¶

2   15.

3          Meanwhile, on March 11, 2013, SJPOA filed this Motion for Attorneys' Fees pursuant to

4   California Code of Civil Procedure § 1021.5, which provides attorneys' fees to private entities that

5   vindicate important rights affecting the public interest.  *See* ECF No. 93.  The City filed an

6   opposition on May 7, 2013, contending that federal law on attorneys' fees applies, and that under

7   federal law, SJPOA is not entitled to fees.  *See* ECF No. 97 at 4–6.  The City further contended that

8   even if California law applied, SJPOA would not be entitled to fees because SJPOA could not

9   satisfy the elements of section 1021.5.  *Id.* at 7–11.  SJPOA filed a reply on May 21, 2013, in

10  which it contended that state law applied and that the elements of section 1021.5 were satisfied.

11  *See* ECF No. 98.

12  **II.     DISCUSSION**

13         The ordinary rule with respect to attorneys' fees in federal courts is that each party bears its

14  own fees and costs.  *See Alyeska Pipeline Service Co. v. Wilderness Soc'y.,* 421 U.S. 240, 247

15  (1975).  This basic principle, however, does not apply when some statutory or nonstatutory

16  provision explicitly authorizes the court to award attorneys' fees to the prevailing party.  *Id.* at

17  260–63.

18         SJPOA contends that California Code of Civil Procedure § 1021.5 is such a provision.  *See*

19  ECF No. 93 at 4.  However, state law with respect to attorneys' fees applies in federal court only

20  where state substantive law governs the underlying action.  *See Champion Produce, Inc., v. Ruby*

21  *Rboinson Co.,* 342 F.3d 1016, 1024 (9th Cir. 2003).  That is, a federal court usually applies state

22  attorneys' fees statutes only where the federal court is sitting in diversity jurisdiction or is

23  exercising supplemental jurisdiction over state law claims.  *See Cotton v. Slone,* 4 F.3d 176, 180–

24  81 (2d Cir. 1993).  In such circumstances, the federal court applies the substantive law of the state

25  to the claim and awards attorneys' fees pursuant to state law.  *Id.*

26

27  Case No.:  12-CV-02904-LHK

28  ORDER DENYING MOTION FOR ATTORNEYS' FEES

4

In this case, the Court has not applied state substantive law for any purpose, nor have the parties thus far called on the Court to do so.  Defendants moved to dismiss based on Article III doctrines and asked the Court to stay based on federal abstention doctrines.  *See* ECF No. 9 (arguing that this Court should dismiss on *Younger* abstention grounds or, in the alternative, should not entertain the Declaratory Judgment Act claim);  ECF No. 41 (seeking dismissal or stay on Article III or federal abstention grounds); ECF No. 57 (contending this Court should abstain under federal law, or in the alternative, decline to exercise supplemental jurisdiction over the state law claims).  In fact, SJPOA acknowledges in the instant Motion for Attorneys' Fees that it sought to dismiss or stay the instant federal action under federal law.  As the Motion for Attorneys' Fees states, "SJPOA filed a motion to dismiss the [Complaint] on Article III justiciability grounds . . . . Alternatively, it asked for a stay of dismissal based on three separate federal abstention principles." ECF No. 93 at 2–3 (footnote omitted).  Neither the provisions of Article III nor federal abstention doctrines would have required the Court to apply state law.  At no point prior to the attorneys' fees motion now before the Court has any party asked the Court to apply any state substantive law.  In sum, even if the Court had granted Defendants' motions to dismiss or to stay, any such order would have been based on federal law — not state law.

The Court notes that the sole mention of state law in the proceedings thus far has been in the Complaint, where the City sought declaratory judgment that Measure B was lawful under various state laws. *See* ECF No. 33 at ¶ 31.  The Court had not, however, exercised jurisdiction over these claims, nor was it obvious that it would.  The Court has the power to decline to exercise supplemental jurisdiction over state claims even when it has subject-matter jurisdiction over federal claims arising out of the same facts.  *See* 28 U.S.C. § 1367(c).  Among the bases for the Court to decline to exercise supplemental jurisdiction are that the "claim raises a novel or complex issue of State law," the state law claim "substantially predominates" over the federal claim, and that there are "compelling reasons for declining jurisdiction."  *Id.*  In its Motion to Dismiss, SJPOA itself raised arguments that suggested that some of these factors were present in the instant federal

Case No.:  12-CV-02904-LHK
ORDER DENYING MOTION FOR ATTORNEYS' FEES

United States District Court
For the Northern District of California

1  action.  For example, SJPOA contended in its Motion to Dismiss that this Court should refuse to

2  hear the City's Declaratory Judgment Act claim in part because this Court should avoid "needlessly

3  deciding . . . issues of state law in the first instance."  ECF No. 41 at 15.  Moreover, another

4  Defendant, AFSCME, in its Motion to Dismiss, explicitly argued that this Court should decline to

5  exercise supplemental jurisdiction over the state law claims.  ECF No. 57 at 11–13.

6        Accordingly, the Court finds that the case up until this point has been based on federal

7  substantive law — not state law.  Furthermore, while there were state law claims raised in the

8  Complaint, the Court had not exercised supplemental jurisdiction over such claims, and Defendants

9  themselves argued that the Court should not exercise such jurisdiction.  Therefore, because only

10  federal substantive law has applied in this case, federal attorneys' fees law — and not California

11  Code of Civil Procedure § 1021.5 — applies to this motion.[1]

12        Under federal law, SJPOA may not recover attorneys' fees, and SJPOA makes no

13  contention to the contrary.  SJPOA cites no federal statute or rule that would permit it to recover

14  attorneys' fees, and in the absence of such a provision, the rule that each party bears its own fees

15  and costs applies.  *See Alyeska Pipeline Service Co.*, 421 U.S. at 247.  The dismissal in this case

16  was pursuant Federal Rule of Civil Procedure 41(a)(1)(A), which does not permit the Court to

17  impose attorneys' fees.  *See* ECF No. 80; *Am. Soccer Co. v. Score First Enterprises, a Div. of*

18  *Kevlar Indus.*, 187 F.3d 1108 (9th Cir. 1999) (reversing award of attorneys' fees after notice of

19

20

21  [1] *City of Carmel-By-The-Sea v. U.S. Dep't of Transp.*, 123 F.3d 1142 (9th Cir. 1997), is not to the
    contrary.  That case only stands for the proposition that section 1021.5 applies in federal court

22  where the federal court addresses an issue of state substantive law.  In *Carmel*, the Ninth Circuit
    held that a plan to realign a highway violated state and federal environmental laws.  *Id.* at 1160–61

23  (federal); *id.* at 1165 (state).  Accordingly, the Ninth Circuit remanded to the district court to
    determine whether the plaintiffs who were challenging the plan were entitled to attorneys' fees

24  under state or federal attorneys' fees laws.  *Id.* at 1167–68.  Similarly, the Court is not persuaded
    that *Larsen v. King Arthur Flour Co.*, 2012 WL 2590386 (N.D. Cal. July 3, 2012), is contrary to its

25  holding.  In *Larsen*, the court denied attorneys' fees under section 1021.5 after a voluntary
    dismissal under Rule 41(a)(2).  The court did not address whether awarding attorneys' fees under

26  state law would be proper, because it found that the plaintiff was not entitled to fees.  *Id.* at *1.

27          6
    Case No.:  12-CV-02904-LHK

28  ORDER DENYING MOTION FOR ATTORNEYS' FEES

dismissal was filed under Rule 41(a)(1)(A)).  Therefore, SJPOA's Motion for Attorneys' Fees must be denied.

**III.      CONCLUSION**

      For the foregoing reasons, the Court DENIES SJPOA's Motion for Attorneys' Fees.

**IT IS SO ORDERED.**


Dated: September 9, 2013

                                LUCY H. KOH
                                United States District Judge

**United States District Court**
For the Northern District of California

7

Case No.:  12-CV-02904-LHK
ORDER DENYING MOTION FOR ATTORNEYS' FEES